Gregory G. Spaulding, Esq. (CA State Bar No. 106606)
Terry S. Sterling, Esq. (CA State Bar No. 106379)
Warren L. Dranit (CA State Bar No. 160252)
SPAULDING McCULLOUGH & TANSIL LLP
90 South E Street, Suite 200
P.O. Box 1867
Santa Rosa, CA 95402
Telephone: (707) 524-1900
Facsimile: (707) 524-1906
Email: spaulding@smlaw.com; sterling@smlaw.com; dranit@smlaw.com

Andrew W. Stroud (CA State Bar No. 126475)
Mennemeier, Glassman & Stroud LLP
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone: (916) 553-4000
Facsimile: (916) 553-4011
Email: stroud@mgslaw.com

Attorneys for Plaintiff
PAUL E. DOLAN III

U. S. DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL E. DOLAN III,<br><br>Plaintiff,<br><br>vs.<br><br>MENDOCINO WINE GROUP, LLC, a California limited liability company, and Does 1-18,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DECLARATORY JUDGMENT, VIOLATION OF RIGHT OF PUBLICITY, ET AL.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff PAUL E. DOLAN III ("Dolan") alleges:

1. This is an action against defendant MENDOCINO WINE GROUP, LLC ("MWG") for declaratory judgment, cancellation of trademark registration, cancellation of trademark application, violation of Lanham Act (15 U.S.C. §1120) , violation of Lanham Act (15 U.S.C. §1125(a)), violation of common law right of publicity and violation of statutory right of publicity.

THE PARTIES

2. Plaintiff Paul Dolan is, and at all times herein mentioned was, an individual residing in the County of Mendocino.

3. Dolan is informed and believes and thereon alleges that defendant MWG is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of California, and qualified to do business and doing business in California.

4. The true capacities, whether individual, associate or otherwise, of defendants herein as Does 1 through 18, inclusive, are unknown to Dolan, who therefore sues said defendants by such fictitious name. Dolan is informed and believes, and based thereon alleges that each of the defendants designated herein as Doe is responsible in some manner for the matters herein alleged and referred to, and is liable and obligated to Dolan with respect to said matters. Dolan asks leave of court that when the true names or capacities of said fictitiously named defendants, or any of them, are ascertained, that Dolan be permitted to insert the same herein with appropriate charging allegations as to each.

5. At all times herein mentioned, defendants and each of them, were the agents, servants, and employees of the other defendants, and in doing the things hereinafter mentioned, were acting in the course and scope of their authority as such agents, servants, and employees, with the permission and consent of the other defendants.

JURISDICTION AND VENUE

6. This action is brought under the United States Trademark Act of 1946, as amended, 15 U.S.C. §§1051 et seq. (the "Lanham Act") and the statutory and common laws of the State of California. This Court has jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332. This Court also has supplemental jurisdiction under 28 U.S.C. §1367 over the subject matter of Dolan's state law claims because those claims are so related to Dolan's federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

7. This Court has personal jurisdiction over defendant MWG because MWG has commercial activities in California that are substantial, continuous and systematic subjecting it to

general personal jurisdiction in the State of California, including, without limitation, the Eastern District of California.

8. Under 28 U.S.C. §1391, venue is proper in the United States District Court for the Eastern District of California because (1) MWG is a limited liability company that is deemed to reside in the judicial district where it is subject to personal jurisdiction at the time this action is commenced and (2) MWG is selling the subject product in violation of the Lanham Act in the judicial district.

BACKGROUND FACTS

9. MWG was formed in or about March 29, 2004. It is in the business of producing, distributing, marketing and selling wine. MWG functions pursuant to an Operating Agreement, which identifies members of MWG.

10. Dolan is a founding member of MWG.

11. From the time of MWG's formation to the present, Thornhill Management Corporation ("TMC") has been the sole manager of MWG. TMC is owned by Thomas A. Thornhill III and other members of his family. As all times herein mentioned, the Thornhills owned a controlling interest in MWG.

12. In April 2004, Dolan was employed by TMC to serve as president of MWG. Dolan was never the Manager of MWG.

13. Dolan is a fourth generation winemaker with a long and well-respected history in the wine industry. After receiving his Master's Degree in Food Science with emphasis on Enology and Viticulture in 1977, Dolan became the winemaker for Fetzer Vineyards. With Dolan as winemaker, Fetzer's wine production grew from 20,000 cases per year to more than 2 million cases per year in 1992, when Fetzer Vineyards was purchased by the Brown-Forman Corporation. Brown-Forman retained Dolan as Fetzer's President and under his leadership, Fetzer Vineyards continued to grow production to more than 3.8 million cases per year. Dolan retired from Fetzer Wines in 2004.

14. Dolan has been a member of the Board of Directors of the Wine Institute since 1990. He served as Chairman from 2006-2007. From 1994-1995, he was a member of President's Clinton Council on Sustainability.

15. While at Fetzer, Dolan became a wine industry leader with respect to the use of organic and biodynamic agricultural practices in growing wine grapes. For example, in 1993 Fetzer Vineyards launched the BONTERRA brand of organic wines, which continues to be a leader in producing wine from organically produced grapes. Dolan established his own organic vineyards in 1998. In 2002, Dolan introduced a Code of Sustainable Wine Growing to the Wine Institute, and in 2003 he served as Chairman of the California Sustainable Winegrowers Alliance.

16. Dolan is the recipient of numerous awards acknowledging his leadership role in the wine industry, including the Governor's Environmental and Economic Leadership Award (2002, 2006 and 2009); the Green Entrepreneur Award from the State Assistance Fund for Enterprise, Business and Industrial Development (2006); and the Environmental Business Leader of the Year Award from Planning and Conservation League (2006).

17. Dolan is the author of *True to Our Roots: Fermenting a Business Revolution*. Published in 2003, the book provides insights on the sustainable business practices which were implemented by Fetzer Vineyards and which have become a model for sustainable business practices throughout the world. The book remains available for purchase today and a number of colleges have adopted it as a textbook for its business classes.

18. Because of Dolan's long standing involvement and leadership in the wine industry, members of the industry and consumers view any trademark used in connection with wine that incorporates "Dolan," either separately or in combination with "Paul," as uniquely associated with Dolan.

19. For about 5 years during the 1980s, Dolan distributed and sold wine under the DOLAN VINEYARDS trademark. Although some of the wine was distributed throughout the United States, most of the wine was sold at restaurants and retail establishments in California.

20. After the formation of MWG, there was discussion about developing wine using Dolan's name as the trademark. Dolan was amenable to doing so as long as he was able to control the nature and quality of wine that would be sold under his name.

21. MWG has produced wine under the PAUL DOLAN trademark starting with a 2005 vintage for red wine and a 2006 vintage for white wines. Both the red and white wines were distributed and sold for the first time in 2007.

22. For each vintage of PAUL DOLAN wine that has been released to the general public, Dolan was intimately involved with the production of the wine. Working with a consulting winemaker as well as MWG's resident winemaker, Dolan was instrumental in selecting the grapes, fermenting of the grapes into wine and then blending of the wine to create the product that was bottled under the PAUL DOLAN trademark.

23. On or about May 25, 2006, MWG filed an application to register PAUL DOLAN on the U.S. Principal Register based on its intent to use the mark in connection with wine. The application was assigned Serial No. 78-893,264.

24. On or about September 21, 2007, MWG filed a Statement of Use asserting June 21, 2007 as the date of first use and July 19, 2007 at the date of first use in commerce for the PAUL DOLAN mark.

25. The registration of PAUL DOLAN issued to MWG on January 8, 2008 and has been assigned Registration No. 3,367,063 (the "**Dolan Registration**").

26. Consistent with 15 U.S.C. §1052(c) which requires the consent of a living person whose name is used in a mark, MWG included a "Consent of Individual" dated May 3, 2006 and executed by Dolan when it filed its application for the Dolan Registration (the "**Consent Agreement**"). A true and correct copy of the Consent Agreement is attached to this Complaint as Exhibit A.

27. The consent is limited in the rights granted to MWG. It is signed by Dolan as "Manager and Member of the applicant limited liability company." Moreover, the permission which is granted by the consent is NOT perpetual and it is NOT irrevocable.

28. Dolan did not receive any consideration for executing the Consent Agreement.

29. Except for the Consent Agreement, Dolan has not licensed his right of publicity to MWG.

30. Dolan has not assigned his name or any of his right of publicity to MWG.

31. Dolan never intended that his name, or any other aspect of his persona, be used by MWG forever. As discussed above, prior to becoming a member of MWG, Dolan spent many years

building his name in the wine industry. Indeed, he had previously used his name as a trademark for wines prior to signing the Consent Agreement, and he fully intended to do so again in the future. Dolan granted consent to MWG to use his name for the limited purpose of when he was involved with the company and he had the right and ability to control the wine that was produced under his name.

32. MWG also has an application pending to register PAUL DOLAN REVOLUTION on the U.S. Principal Register for use in connection with wine (the "**PD Revolution Application**"). The PD Revolution Application was filed on February 1, 2011 and has been assigned Serial Number 85-231,116. Dolan signed the application for the PD Revolution Application on behalf of MWG.

33. The PD Revolution Application is based on MWG's intent to use the mark in connection with wine. A Notice of Allowance issued on August 2, 2011. No statement of use has been filed. Dolan is informed and believes, and thereon alleges, that no product has been distributed or sold under the PAUL DOLAN REVOLUTION trademark.

34. The PAUL DOLAN trademark and the PAUL DOLAN REVOLUTION trademark are collectively referred to in this Complaint as the "**Dolan Trademarks**".

35. On January 20, 2012, TMC terminated Dolan's employment as president of MWG. There is a dispute between the parties as to whether the termination was wrongful, but the propriety of the termination is not an issue in this action.

36. The termination of Dolan's employment with TMC triggered MWG's obligation to redeem Dolan's ownership interest in MWG on the terms set forth in the MWG Operating Agreement. As a result, Dolan's membership in MWG was terminated when TMC terminated his employment in early 2012.

37. Because Dolan's consent for MWG to use his name as set forth in the Consent Agreement was given in his capacity as a member of MWG, and was a consent to use his name only while he was a member of MWG, that consent terminated upon the termination of Dolan's membership in MWG. Accordingly, Dolan's consent to use his name is no longer valid.

38. On October 31, 2012, Dolan's attorney sent notice to MWG's attorney confirming that the Consent Agreement has been terminated and that Dolan had revoked any and all consent for MWG to use his name in connection with the Dolan Trademarks.

39. Since formally advising MWG that Dolan had revoked his consent to use his name or any other aspect of his right of publicity, MWG has continued to distribute and sell wine under the PAUL DOLAN trademark and has continued to use Dolan's name to market, advertise and promote MWG's products. For example, MWG continues to maintain a website for the fictional "Paul Dolan Vineyards" which is dedicated solely to promoting and selling wines under the PAUL DOLAN trademark (the "**Paul Dolan Vineyards Website**"). The Paul Dolan Vineyards Website uses a primary URL with the pauldolanwine.com domain name.

40. On November 1, 2012, Dolan filed a petition at the Trademark Trial and Appeal Board ("**TTAB**") seeking cancellation of the Dolan Registration (the "**Cancellation Proceeding**"). The TTAB has assigned Cancellation No. 92056395 to the Cancellation Proceeding. A true and correct copy of the Petition for Cancellation is attached hereto as Exhibit B.

41. MWG filed its answer to the petition on December 12, 2012. Its answer denies that the Consent Agreement has been terminated or that Dolan has the right to revoke his consent and affirmatively asserts that Dolan's petition fails to state a claim on which relief can be granted.

42. In correspondence to Dolan's attorney dated November 26, 2102, John Z. King, attorney for MWG, states that Dolan cannot revoke his consent and that Dolan "has no right ever" to use his name for wines. King further explains that if Dolan should even "purport" to use his name as a trademark, "MWG will take swift action" including seeking to enjoin all such use and pursuing monetary remedies.

43. Since his departure from MWG, Dolan has not been involved in the production of, and has no association with, the goods identified in the Dolan Registration.

44. Dolan has never been involved in the production of, and has no association with, the goods identified in the PD Revolution Application.

45. Because of his long standing participation in the wine industry, consumers view any mark used in connection with wine that incorporates "Dolan," either separately or in combination with "Paul," as uniquely pointing to Dolan.

46. California has a strong statutory right of publicity. Pursuant to California Civil Code §3344, MWG is precluded from using a person's "name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchase of, products, merchandise, or goods or services, without such person's prior consent…."

47. California also has a strong common law right of publicity.

48. Without Dolan's consent, MWG's continued use and registration of any trademark that incorporates "Dolan," either separately or in combination with "Paul," is a violation of his right of publicity.

49. Without Dolan's consent, any use of Dolan's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, goods or services, or for purposes of advertising or selling, or soliciting the purchase of, products, merchandise, goods or services is a violation of his right of publicity.

50. Dolan is also being damaged by MWG's continued use and registration of any mark that incorporates "Dolan," either separately or in combination with "Paul," because it directly conflicts with his ability to use his name in connection with wine and wine-related products and services.

51. Dolan is also being damaged because MWG's continued use and registration of any mark that incorporates "Dolan," either separately or in combination with "Paul," falsely suggests the goods distributed and sold by MWG are connected with him.

52. Without Dolan's consent to use or register a mark that incorporates his name, each of the Dolan Trademarks consists of and comprises deceptive matter and falsely suggests a connection with Dolan, a living person.

53. Because MWG does not have the right to use or register a trademark that incorporates Dolan's name, the Dolan Registration and the PD Revolution Application should be cancelled.

54. Because the Dolan Trademarks misrepresent the source of the goods for which each mark is used and registered, the Dolan Registration and the PD Revolution Application should be cancelled.

COUNT ONE

(Declaratory Judgment)

55. Dolan incorporates paragraphs 1 through 54, inclusive, as though fully set forth herein.

56. Dolan is entitled to a declaration of the following:

a. the Consent Agreement has been terminated,

b. Dolan has revoked his consent for MWG to use his name and every other element of his right of publicity,

c. MWG does not have any right to use any trademark that incorporates "Dolan", either separately or in combination with "Paul," as a trademark,

d. MWG does not have the right to use Dolan's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, goods or services, or for purposes of advertising or selling, or soliciting the purchase of, products, merchandise, goods or services (including, without limitation, wine using the Dolan Trademarks, the Paul Dolan Vineyards Website and the pauldolanwine.com domain name)

e. the Dolan Registration is no longer valid and must be cancelled by the U.S. Patent and Trademark Office or surrendered by MWG,

f. the PD Revolution Application is no longer valid and must be cancelled by the U.S. Patent and Trademark Office or withdrawn by MWG, and

g. the TTAB must enter judgment in favor of Dolan in the Cancellation Proceeding.

WHEREFORE, Dolan prays for judgment as set forth below.

COUNT TWO

(Cancellation of Dolan Registration)

57. Dolan incorporates paragraphs 1 through 56, inclusive, as though fully set forth herein.

58. Pursuant to 15 U.S.C.§1119, the Court should order that the Dolan Registration be cancelled because the subject mark (a) violates Dolan's right of publicity, (b) falsely suggests the goods distributed and sold by MWG are connected with Dolan, (c) incorporates Dolan's name without his consent, (d) consists of and comprises deceptive matter and falsely suggests a connection with Dolan, and (e) is being used by MWG to misrepresent the source of the goods for which it is used and registered.

WHEREFORE, Dolan prays for judgment as set forth below.

COUNT THREE

(Cancellation of PD Revolution Application)

59. Dolan incorporates paragraphs 1 through 58, inclusive, as though fully set forth herein.

60. Pursuant to 15 U.S.C.§1119, the Court should order that the PD Revolution Application be cancelled because the subject mark (a) violates Dolan's right of publicity, (b) falsely suggests the goods distributed and sold by MWG are connected with Dolan, (c) incorporates Dolan's name without his consent, (d) consists of and comprises deceptive matter and falsely suggests a connection with Dolan, and (e) is being used by MWG to misrepresent the source of the goods for which it is used and registered.

WHEREFORE, Dolan prays for judgment as set forth below.

COUNT FOUR

(Violation of Lanham Act, 15 U.S.C. §1120)

61. Dolan incorporates paragraphs 1 through 60, inclusive, as though fully set forth herein.

62. The Dolan Registration has been acquired, and the PD Revolution Application is pending, based on a false and fraudulent representation as to the consent of Dolan to register.

63. As a proximate result of MWG's acts, Dolan has suffered great detriment to his reputation, business and goodwill, all to his damage in an amount as yet not fully ascertained.

64. This is an exceptional case, and Dolan is entitled to recover three times his damages plus reasonable attorneys' fees under Section 35 of the Lanham Act (15 U.S.C. §1117.)

WHEREFORE, Dolan prays for judgment as set forth below.

COUNT FIVE

(Unfair Competition - Violation of Lanham Act, §43(a))

65. Dolan incorporates paragraphs 1 through 64, inclusive, as though fully set forth herein.

66. MWG's use of the Dolan Trademarks, whether actual or intended, constitutes acts in violation of 15 U.S.C. §1125(a) in that such use is a false designation of origin and a false and misleading representation of fact which is likely to cause confusion, mistake, and deception to the public including, without limitation, consumers of wine.

67. MWG's use of the Dolan Trademarks, whether actual or intended, constitutes acts in violation of 15 U.S.C. §1125(a) in that such use is a false designation of origin and a false and misleading representation of fact which misrepresents the nature, characteristics and qualities of MWG's goods.

68. As a proximate result of MWG's acts, Dolan has suffered great detriment to his reputation, business and goodwill, all to his damage in an amount as yet not fully ascertained.

69. This is an exceptional case, and Dolan is entitled to recover three times his damages plus reasonable attorneys' fees under Section 35 of the Lanham Act (15 U.S.C. §1117).

70. MWG's use of the Dolan Trademarks has caused and if not enjoined, will continue to cause, irreparable and continuing harm to Dolan, for which Dolan has no adequate remedy at law. Moreover, if not enjoined, such use will continue to cause confusion, mistake, and deception to the public including, without limitation, consumers of wine.

WHEREFORE, Dolan prays for judgment as set forth below.

COUNT SIX

(Violation of Common Law Right of Publicity)

71. Dolan incorporates paragraphs 1 through 70, inclusive, as though fully set forth herein.

72. The conduct of MWG constitutes acts in violation of Dolan's common law right of publicity.

73. As a proximate result of MWG's acts, Dolan has suffered great detriment to his reputation, business and goodwill, all to his damage in an amount as yet not fully ascertained.

74. MWG's use of Dolan's name has caused and if not enjoined, will continue to cause irreparable and continuing harm to Dolan, for which he has no adequate remedy at law. Moreover, if not enjoined, such use will continue to cause confusion, mistake, and deception to consumers of wine.

WHEREFORE, Dolan prays for judgment as set forth below.

COUNT SEVEN

(Violation of Statutory Right of Publicity – California Civil Code §3344)

75. Dolan incorporates paragraphs 1 through 74, inclusive, as though fully set forth herein.

76. The conduct of MWG constitutes acts in violation of Dolan's statutory right of publicity.

77. As a proximate result of MWG's acts, Dolan has suffered great detriment to his reputation, business and goodwill, all to his damage in an amount as yet not fully ascertained.

78. MWG's use of Dolan's name has caused and if not enjoined, will continue to cause irreparable and continuing harm to Dolan, for which he has no adequate remedy at law. Moreover, if not enjoined, such use will continue to cause confusion, mistake, and deception to consumers of wine.

WHEREFORE, Dolan prays for judgment as set forth below.

PRAYER FOR RELIEF

1. Enter judgment declaring:

    a. the Consent Agreement has been terminated,

    b. Dolan has revoked his consent for MWG to use his name and every other element of his right of publicity,

    c. MWG does not have any right to use any trademark that incorporates "Dolan", either separately or in combination with "Paul," as a trademark,

    d. MWG does not have the right to use Dolan's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, goods or services, or for purposes of advertising or selling, or soliciting the purchase of, products, merchandise, goods or services (including, without

        limitation, wine using the Dolan Trademarks, the Paul Dolan Vineyards Website and the pauldolanwine.com domain name)

    e. the Dolan Registration is no longer valid and must be cancelled by the U.S. Patent and Trademark Office or surrendered by MWG,

    f. the PD Revolution Application is no longer valid and must be cancelled by the U.S. Patent and Trademark Office or withdrawn by MWG, and

    g. the TTAB must enter judgment in favor of Dolan in the Cancellation Proceeding.

2. As to each of Dolan's Counts, that the Court issue a preliminary and permanent injunction ordering MWG, its agents, servants, employees, officers, directors, attorneys, successors, and assigns, and all those persons in active concert or participation with each or any of them, be enjoined from directly or indirectly using "Dolan", either singularly or in combination with "Paul", as a trademark or for any other commercial purpose (including, without limitation, the Dolan Trademarks);

3. As to each of Dolan's Counts, that the Court issue a preliminary and permanent injunction ordering MWG, its agents, servants, employees, officers, directors, attorneys, successors, and assigns, and all those persons in active concert or participation with each or any of them, be enjoined from directly or indirectly using Dolan's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, goods or services, or for purposes of advertising or selling, or soliciting the purchase of, products, merchandise, goods or services (including, without limitation, wine using the Dolan Trademarks, the Paul Dolan Vineyards Website and the pauldolanwine.com domain name);

4. As to each of Dolan's Counts, that the Court issue a preliminary and permanent injunction ordering MWG, its agents, servants, employees, officers, directors, attorneys, successors, and assigns, and all those persons in active concert or participation with each or any of them, to surrender the Dolan Registration and withdraw the PD Revolution Application;

5. As to each of Dolan's Counts, that the Court issue a preliminary and permanent injunction ordering the TTAB to enter judgment in favor of Dolan in the Cancellation Proceeding;

6. As to each of Dolan's Counts, that the Court issue a preliminary and permanent injunction ordering the U.S. Patent and Trademark Office to cancel the Dolan Registration and cancel the PD Revolution Application;

7. As to each of Dolan's Counts, that MWG be required to file with the Court and serve on Dolan within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which it has complied with the injunction;

8. As to each of Dolan's Counts, that MWG be held liable for all damages suffered by Dolan resulting from the acts alleged herein;

9. As to the Fourth and Fifth Counts, that pursuant to 15 U.S.C. §1117, the Court award Dolan treble the amount of actual damages suffered by Dolan;

10. As to the Fourth and Fifth Counts, that the Court declare this to be an exceptional case and award Dolan his full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

11. As to each of Dolan's Counts, that the Court grant Dolan any other remedy to which he may be entitled;

12. That costs of this action be awarded to Dolan; and

13. For such additional and further relief as the Court deems just and proper.

DATED: January 23, 2013

SPAULDING McCULLOUGH & TANSIL LLP
Attorneys for Plaintiff PAUL E. DOLAN III

By: ______________________
Gregory G. Spaulding

DEMAND FOR JURY TRIAL

Plaintiff Paul E. Dolan III hereby demands a trial by jury.

DATED: January 23, 2013

SPAULDING McCULLOUGH & TANSIL LLP
Attorneys for Plaintiff PAUL E. DOLAN III

By: ____________________
Gregory G. Spaulding